IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Tyrone Perry, #307793,                )
                                      )
                Plaintiff,             )
                                      )    Civil Action No. 1:25-7259-BHH
v.                                    )
                                      )    **ORDER**
Jeanette McBride, John Doe, Jane      )
Doe 1, and Jane Doe 2,                )
                                      )
                Defendants.           )
_____)

This matter is before the Court upon Plaintiff Tyrone Perry's ("Plaintiff" or "Perry")

*pro se* complaint against Defendants Jeanette McBride, John Doe, Jane Doe 1, and Jane

Doe 2 (collectively, "Defendants"), which was filed pursuant to 42 U.S.C. § 1983.  In

accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the

matter was referred to a United States Magistrate Judge for preliminary determinations.

## I.    The Magistrate Judge's Report and Recommendation

On August 5, 2025, Magistrate Judge Shiva V. Hodges issued a report and

recommendation ("Report"), outlining the facts asserted by Plaintiff and the evidence

submitted by Plaintiff and concluding that Plaintiff's complaint is subject to summary

dismissal as frivolous and for failure to state a claim.  Specifically, the Magistrate Judge

found that Plaintiff's complaint fails to allege sufficient facts to support the existence of a

conspiracy among Defendants to interfere with Plaintiff's legal mail or his access to courts.

The Magistrate Judge also found that the evidence submitted by Plaintiff undermines his

allegations because it does not support a finding that court support personnel failed to

perform required ministerial tasks, citing *McCray v. Maryland*, 456 F.2d 1, 4 (4th Cir. 1972).

(ECF No. 12 at 5.)  According to the Magistrate Judge, Plaintiff's evidence shows that the Clerk received his medical malpractice complaint, which he mailed on January 4, 2024, but the Clerk returned it to him in accordance with Rule 3(b)(1) of the South Carolina Rules of Civil Procedure, which required Plaintiff to file a motion for leave to proceed in forma pauperis and an affidavit "together" with his proposed complaint.  In other words, the Magistrate Judge found no merit to Plaintiff's argument that the Clerk was required to file his complaint as a ministerial duty, explaining that the Clerk relied on a specific court rule in declining to docket Plaintiff's medical malpractice complaint.  (ECF No. 12 at 7, n.1.)

The Magistrate Judge further noted that the evidence submitted by Plaintiff showed that the Clerk likely received the materials he returned to the Clerk on January 12, 2024, but that these materials again failed to comply with the filing requirements.  (ECF No. 12 at 8.)  Ultimately, the Magistrate Judge found that Plaintiff's evidence shows that, instead of completing the paperwork necessary for his medical malpractice claim to be filed after receiving the Clerk's letter to him, Plaintiff simply continued to challenge the Clerk's failure to file the medical malpractice complaint in January of 2024.  (*Id.* at 9.)

As for the Rule 60(b) motion that Plaintiff claims he filed on June 4, 2025, the Magistrate Judge explained that the Clerk's June 30 letter actually reflects that the letter was not received in her office, and the Magistrate Judge found that Plaintiff's assertion that the Clerk destroyed or threw away his motion is not consistent with the evidence.

Ultimately, the Magistrate Judge found that Plaintiff's evidence does not support a claim for violation of access to the courts, noting that Plaintiff continued to send and receive a considerable amount of legal mail during this time period.  (*Id.* at 10.)  The Magistrate Judge also found that Plaintiff failed to allege any actual injury or prejudice in relation to his

2

claims sufficient to state a plausible claim.  Additionally, the Magistrate Judge found that Plaintiff's allegation that a conspiracy existed between Defendants is speculative and is not supported by the evidence submitted by him.

Lastly, as to Plaintiff's assertion that Defendants violated several criminal statutes and his request that the Court initiate criminal proceedings, the Magistrate Judge explained that the statutes cited by Plaintiff generally do not create a private right of action and that Plaintiff cannot obtain criminal charges against Defendants through a civil action.  (*Id.* at 12-13.)

## II.     Standard of Review

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

## III.    Plaintiff's Objections

Plaintiff filed written objections to the Magistrate Judge's Report along with supporting documents, and he filed a supplement to his objections with a declaration. (ECF Nos. 14, 17.)  In his objections, Plaintiff asserts that the Magistrate Judge erred in her application of the law and made an unreasonable determination of the facts.  (ECF No. 14 at 1.)  Plaintiff repeats his assertion that the actual injury requirement for his claim is satisfied because his access to courts was frustrated or impeded by Defendants' actions.

He also asserts generally that civil conspiracy is covert and that it is not necessary for him to allege an unlawful act. According to Plaintiff, the Magistrate Judge erroneously applied *Barnes v. State*, 433 S.C. 399, and *McCray v. Maryland*, 456 F.2d 1, and Plaintiff repeats his claim that the Clerk could not refuse to docket his medical malpractice complaint. (*Id.* at 2.) Plaintiff also objects that he returned the proper information to the Clerk, and he asserts that the Magistrate Judge's decision is contrary to the facts. (*Id.*) Additionally, Plaintiff asserts that he "can prove that postal directors Tamara Conwell and Tara Eichelberger were the last to handle his mail," and he claims that his medical malpractice tort claim is now gone with its exhibits and affidavits, thereby demonstrating injury. (*Id.* at 3.) In connection with his request that the Court initiate criminal proceedings against Defendants, Plaintiff asserts that courts to have the power to punish by fine or imprisonment at its discretion. (*Id.* at 4.)

After *de novo* review, the Court is not persuaded that Plaintiff's objections save his complaint. As an initial matter, the Court agrees with the Magistrate Judge that Plaintiff's complaint fails to allege sufficient facts to show that Defendants *conspired* against him to violate his constitutional rights. In other words, even assuming for the sake of argument that Plaintiff has (or can) sufficiently allege that Defendants obstructed Plaintiff's access to courts and/or his ability to send and receive mail–the Court finds that the complaint does not allege sufficient facts to show that Defendants in any way acted in concert or came to some sort of mutual understanding.

Moreover, with respect to Plaintiff's claim that Defendants failed to perform required ministerial acts, the Court agrees with the Magistrate Judge that the materials submitted by Plaintiff appear to undermine Plaintiff's claim, as they show that the Clerk was relying

4

on South Carolina Rule of Civil Procedure 3(b)(1) in declining to docket Plaintiff's medical malpractice complaint.

In addition, the Court agrees with the Magistrate Judge that the Court cannot grant Plaintiff's request for the initiation of criminal proceedings and indictments based on Defendants' alleged actions, as the criminal statutes cited by Plaintiff do not create a private right of action under the circumstances.

Despite the foregoing, however, the Court is reluctant to adopt the remainder of the Magistrate Judge's findings at this time, as they go beyond identifying failures in Plaintiff's pleading and instead evaluate the ultimate merits of Plaintiff's claims.  Furthermore, the Court notes that Plaintiff was never given the opportunity to amend his complaint to cure any of the identified deficiencies, and the Court ultimately believes he should be given the opportunity to do so under the circumstances.  (*See also* ECF No. 14 at 4 (requesting the opportunity to amend his complaint).)  Accordingly, while the Court agrees with the Magistrate Judge that Plaintiff's complaint, as it is currently pleaded, does not state any plausible claims for relief, the Court also finds that Plaintiff should be given the opportunity to file an amended complaint prior to this case being summarily dismissed on the merits.

IV.    **Conclusion**

Therefore, **the Court adopts in part the Magistrate Judge's Report (ECF No. 12); specifically, the Court agrees with the Magistrate Judge that Plaintiff's complaint fails to state any plausible claims for relief as it is currently pleaded.  However, the Court declines to summarily dismiss this action on the merits without first giving Plaintiff the opportunity to file an amended complaint.**  The Court, therefore, grants

Plaintiff 21 days from the date of this order to file an amended complaint.  If Plaintiff does so, then it will be referred to a United States Magistrate Judge for initial review.  If Plaintiff does not file an amended complaint, then this matter will be summarily dismissed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 20, 2026
Charleston, South Carolina